UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CV-00960-GCM

| | | |
|---|---|---|
| ANGELIA NIKOLE JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT CITY OF MONROE'S** |
| v. | ) | **ANSWER TO PLAINTIFF'S** |
| | ) | **COMPLAINT** |
| THE CITY OF MONROE, a North | ) | |
| Carolina municipal corporation, | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES Defendant City of Monroe ("City" or "Defendant"), through undersigned counsel, and respectfully submits this to Answer to Plaintiff's Complaint [Doc. 1].

## **FIRST DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **SECOND DEFENSE**

Defendant pleads all applicable immunities to which it may be entitled by operation of law and in bar of Plaintiff's claims herein, including, but not limited to, governmental immunity and legislative immunity.

## **THIRD DEFENSE**

In response to Plaintiff's numbered paragraphs of Plaintiff's Complaint, Defendant states as follows:

1. This paragraph states legal conclusions of the pleader to which no response is required. To the extent a response is deemed necessary, denied for lack of information or belief.

2. The allegations of this paragraph refer to a Resolution of City Council, R-2021-89, which

is a written document the contents of which will speak for itself. [Doc. 1-6]. To the extent that the allegations of this paragraph are inconsistent with Resolution R-2021-89, they are denied.[1]

3.   Defendant admits that Plaintiff was afforded an approximate two-day evidentiary hearing prior to her removal from office and that Plaintiff subsequently was removed from office. Except as admitted, denied as stated.

4.   Denied. This paragraph is further denied on the grounds that the Court previously dismissed with prejudice Plaintiff's Fourteenth Amendment claim. [Doc. 14].

5.   Denied. This paragraph is further denied on the grounds that the Court previously dismissed with prejudice Plaintiff's overbreadth and vagueness challenges to Defendant's Code of Ethics claims. [Doc. 14].

6.   Defendant admits that Plaintiff was removed from office and that she filed this lawsuit. Except as admitted, the allegations of this paragraph are denied.[2]

## PARTIES

7.   Denied for lack of information or belief.

8.   Admitted.

---

[1] Plaintiff filed numerous exhibits with Plaintiff's Complaint including Doc. 1-6, "Resolution of City Council City of Monroe, North Carolina to Direct Issuance of a Petition in Amotion to Council Member Angelia Nikole James, R-2021-89."

[2] In response to the allegations contained in footnote 1 of Plaintiff's Complaint, Defendant admits that in April 2022, Plaintiff filed a Complaint against the City of Monroe and additional individual defendants, as well as a motion for preliminary injunction and a writ of certiorari, in order to block her removal from office. The U.S. District Court denied Plaintiff's motion for a preliminary injunction. (Doc. 24 in *James v. City of Monroe, et al.,* Civil Action No. 3:22-cv-178, WDNC). Plaintiff appealed the Court's denial of her motion for preliminary injunction to the Fourth Circuit Court of Appeals. The appeal was dismissed as moot when a new City Council member filled Plaintiff's seat on City Council in December 2023. (USCA4 Appeal 22-1857, Doc. 45). After Plaintiff's appeal was dismissed as moot, Defendants filed a Motion to Dismiss Plaintiff's Complaint and a Memorandum of Law in Support. Plaintiff responded by dismissing all the individually named defendants on August 2, 2024, and later, dismissed the City of Monroe on August 28, 2024. (Docs. 41 and 42 in Civil Action No. 3:22-cv-178). Plaintiff then filed the instant Complaint. Except as admitted or averred herein, the allegations contained in Plaintiff's footnote 1 are denied as stated.

2

4933-5246-3721, v. 1

## JURISDICTION & VENUE

9.   The allegations contained in this paragraph call for a legal conclusion to which no response is required. To the extent a response is deemed necessary, denied.

10. The allegations contained in this paragraph call for a legal conclusion to which no response is required. To the extent a response is deemed necessary, denied.

11. The allegations contained in this paragraph call for a legal conclusion to which no response is required. To the extent a response is deemed necessary, denied.

## WAIVER OF IMMUNITY

12. This paragraph states the pleader's conclusions of law to which no response is required. To the extent that a response is deemed necessary, denied.

## FACTS

Plaintiff's first heading titled **"I. The Council's Structure and Power,"** contains no allegations and thus a response is not required. To the extent that a response is deemed necessary, denied.

13. Defendant admits that the city of Monroe is the county seat of Union County, North Carolina. Except as admitted, denied for lack of information or belief.

14. Defendant admits that the City of Monroe operates under a council-manager form of government, that City Council appoints the City Manager, that the City Manager is responsible for the proper management of the affairs of the City, and that the City Manager has the authority to appoint and remove some city employees and not others. Except as admitted, denied as stated.

15. Defendant admits the allegations of the first sentence of this paragraph. Defendant admits

3

further that City Council and the Mayor constitute "the governing body of the City." Except as admitted, denied as stated.[3]

16. Denied as stated.

17. Admitted.

18. Denied.

Plaintiff's second heading titled " **II. September 9, 2021 Events"** contains no allegations and thus, no response is required. To the extent that a response is deemed necessary, denied.

19. Defendant admits that Plaintiff was elected in November 2019 to a two-year term as a member of Defendant's City Council. Except as admitted, denied as stated and for lack of information and belief.

20. Admitted upon information and belief.

21. Admitted upon information and belief.

22. Admitted upon information and belief.

23. Denied for lack of information or belief.

24. Defendant admits that during a telephone conversation that took place on September 9, 2021, Plaintiff told City of Monroe Police Chief J. Bryan Gilliard that he should retire. Except as admitted, denied for lack of information or belief.

25. Defendant admits sentences one through four of this paragraph. Defendant denies the fifth sentence of this paragraph for lack of information or belief.

26. Admitted upon information or belief.

27. Defendant admits that Plaintiff called Chief Gilliard and asked him to send Monroe Police

---

[3] The allegations in footnote 2 of Plaintiff's Complaint are admitted upon information and belief.

Department ("MPD") officers to the hotel based upon her allegations that there were felons at the hotel. Except as admitted, denied for lack of information or belief.

28. Defendant admits that MPD officers responded to the Fairfield Inn and Suites ("hotel") based upon Chief Gilliard's request that they do so and based upon the hotel clerk's 911 call to the MPD complaining of Plaintiff falsely accusing hotel guests of being felons. Except as admitted, denied.

29. The allegations in this paragraph refer to interactions and conversations between Plaintiff and the various MPD officers who responded to the hotel and recorded their interactions and conversations with Plaintiff on their body worn cameras ("BWC"). These BWC recordings and the statements and interactions contained therein speak for themselves. To the extent that the allegations of this paragraph are inconsistent with the BWC recordings, they are denied.

30. The allegations in this paragraph, including subparagraphs a. through e., refer to interactions and conversations between Plaintiff and the various MPD officers who responded to the hotel and recorded their interactions and conversations with Plaintiff on their BWCs. These BWC recordings and the statements and interactions contained therein speak for themselves. To the extent that the allegations of this paragraph, including subparagraphs a. through e., are inconsistent with the BWC recordings, they are denied.

31. Admitted upon information and belief.

32. Defendant admits that Plaintiff called MPD Lieutenant Monique Holt for assistance, that on her way to Plaintiff's residence, Lieutenant Holt was involved in an automobile accident, and that some of the same officers who had interacted with Plaintiff at the hotel were dispatched to her residence. Except as admitted, denied for lack of information or belief.

5

33. Admitted.

34. Admitted upon information and belief.

35. Admitted upon information and belief.

36. Admitted.

37. Admitted.

38. Denied for lack of information or belief.

39. The allegation in this paragraph that states, "[Plaintiff] was diagnosed that evening with 'acute psychosis'" is denied. The remaining allegation in this paragraph is denied for lack of information or belief.

40. Defendant admits that Plaintiff was not charged with a criminal offense. Except as admitted, denied as stated.

Plaintiff's third heading titled "**III. James's Statements to the Media**" contains no allegations. Thus, a response is not required. To the extent that a response is deemed necessary, denied.

41. Any published statements made by Plaintiff to the press are public records the content of which will speak for themselves. To the extent that such statements are inconsistent with the allegations of this paragraph, such allegations are denied.

42. Any published statements made on or around September 13, 2021 by Plaintiff to the Charlotte Observer are matters of written public record  the content of which will speak for themselves. To the extent that such statements are inconsistent with the allegations of this paragraph, such allegations are denied.

43. Any published statements made by Plaintiff during a September 16, 2021 press conference

6

with WBTV that were carried by local television networks and which were publicly posted on Plaintiff's Facebook page are matters of public record the content of which will speak for themselves. To the extent that such statements and Facebook postings are inconsistent with the allegations of this paragraph, such allegations are denied including those set forth in subparagraphs a. through h. of this paragraph.[4]

44. Any published statements made by Plaintiff during a September 17, 2021 press conference with Fox 46 Charlotte are matters of public record the content of which will speak for themselves. To the extent that such statements are inconsistent with the allegations of this paragraph, such allegations are denied including those set forth in subparagraphs a. through c. of this paragraph.

45. Admitted.

46. The BWC footage referenced in this paragraph contains recordings of interactions and conversations with Plaintiff the content of which will speak for themselves. To the extent that the allegations of this paragraph are inconsistent with the BWC recordings, such allegations are denied.

Plaintiff's fourth heading titled **"IV. The City Retaliates against James violating her First Amendment Rights"** is denied.

Plaintiff's next heading titled **"A. The City Censures James"** is admitted.

47. The Resolution of Censure for Council Member Angelia Nikole James, R-2021-76 (the "Censure") is a written public record the terms of which will speak for itself. To the extent that the allegations of this paragraph are inconsistent with the Censure, such allegations are denied.[5]

---

[4] The allegations set forth in footnote 3 of Plaintiff's Complaint are denied for lack of information or belief.
[5] The statement in footnote 4 of Plaintiff's Complaint is admitted.

4933-5246-3721, v. 1

48. The Censure is a written public record the terms of which will speak for itself. To the extent that the allegations of this paragraph are inconsistent with the Censure, such allegations are denied.

49. The October 21, 2021 letter of Monroe attorney, Tee Leitner, is a written public record the terms of which will speak for itself. To the extent that the allegations of this paragraph are inconsistent with attorney Leitner's letter, such allegations are denied as is the allegation contained in the first sentence of this paragraph.

50. The Leitner letter and any related human resources complaints by MPD officers against Plaintiff are written documents the contents of which will speak for themselves. To the extent that the allegations of this paragraph are inconsistent with attorney Leitner's letter and the human resources complaints, such allegations are denied including those set forth in subparagraphs a. through c.

In response to Plaintiff's next heading titled **"B. The City Initiates the Amotion Proceedings against James,"** Defendant admits that amotion proceedings were initiated against Plaintiff.

51. The minutes of the Monroe City Council meeting on November 9, 2021 and the Amotion Resolution as referenced in this paragraph and footnotes 5 and 6, respectively, of Plaintiff's Complaint are a matters of written public record the content of which speaks for themselves.[6] To the extent that the allegations of this paragraph are inconsistent with the minutes of the November 9, 2021 Monroe City Council meeting, such allegations are denied.[7]

52. The minutes of the Monroe City Council meeting on November 9, 2021 as referenced in

---

[6] The statement in footnote 5 of Plaintiff's Complaint is admitted.
[7] The statement in footnote 6 of Plaintiff's Complaint is admitted.

8

this paragraph are a matter of written public record the content of which speaks for itself. To the extent that the allegations of this paragraph, including subparagraphs a. through c., are inconsistent with the minutes of the November 9, 2021 Monroe City Council meeting, such allegations are denied.

53. The minutes of the Monroe City Council meeting on November 9, 2021 as referenced in this paragraph are a matter of public record the content of which speaks for itself. To the extent that the allegations of this paragraph are inconsistent with the minutes of the November 9, 2021 Monroe City Council meeting, such allegations are denied.

54. The minutes of the Monroe City Council meeting on November 9, 2021 as referenced in this paragraph are a matter of written public record the content of which speaks for itself. To the extent that the allegations of this paragraph are inconsistent with the minutes of the November 9, 2021 Monroe City Council meeting, such allegations are denied.

55. Denied as stated.

56. The Amotion Resolution referenced in this paragraph is a written public record the terms of which speaks for itself. To the extent that the allegations of this paragraph are inconsistent with the Amotion Resolution, such allegations are denied.

57. Denied.

58. Denied.

59. The allegations of this paragraph recite the legal conclusions of the pleader to which no response is required. To the extent that a response is deemed necessary, denied.

60. The allegations of this paragraph recite the legal conclusions of the pleader to which no response is required. To the extent that a response is deemed necessary, denied.

9

4933-5246-3721, v. 1

61. Denied.

62. The allegations of this paragraph recite the legal conclusions of the pleader to which no response is required. To the extent that a response is deemed necessary, denied.

Plaintiff's next heading titled "**V. The Amotion Proceedings violated James's First Amendment Rights**" is denied.

63. The City of Monroe's Rules of Procedure for Amotion Procedure ("Amotion Rules") is a written public record the terms of which will speak for itself. To the extent that the allegations of this paragraph are inconsistent with the Amotion Rules, such allegations are denied.[8]

64. The City of Monroe's Rules of Procedure for Amotion Rules is a written public record the terms of which will speak for itself. To the extent that the allegations of this paragraph are inconsistent with the Amotion Rules, such allegations are denied.

65. Defendant admits that Hearing Officer presided over the evidentiary hearing and that outside counsel was engaged to present evidence in support of the amotion petition. Except as admitted, denied as stated.

Plaintiff's next heading titled **"A. Phase I: the Evidentiary Hearing"** contains no allegations and thus, a response is not required. To the extent that a response is deemed necessary, denied.

66. The transcript of the Phase I evidentiary hearing referenced in this paragraph is a written public record the content of which speaks for itself. To the extent that the allegations of this paragraph are inconsistent with the transcript, such allegations are denied.

67. The transcript of the Phase I evidentiary hearing referenced in this paragraph is a written public record the content of which speaks for itself. To the extent that the allegations of this

---

[8] The statement in footnote 7 of Plaintiff's Complaint is admitted.

4933-5246-3721, v. 1

paragraph are inconsistent with the transcript, such allegations are denied.

68. The transcript of the Phase I evidentiary hearing referenced in this paragraph is a written public record the content of which speaks for itself. To the extent that the allegations of this paragraph are inconsistent with the transcript, such allegations are denied.

69. The transcript of the Phase I evidentiary hearing referenced in this paragraph is a written public record the content of which speaks for itself. To the extent that the allegations of this paragraph are inconsistent with the transcript, such allegations are denied.

70. Defendant admits that the personnel policies of the City of Monroe are a matter of public record and that these policies set forth the procedures for hiring, firing, promoting, and demoting City employees. Defendant admits further that the City's personnel policies are written documents the terms of which speak for themselves. To the extent that the allegations of this paragraph are inconsistent with these personnel policies, such allegations are denied. Further, Defendant denies that all MPD officers who engaged with Plaintiff in September 2021 are familiar with such personnel policies.

71. Denied as stated.

72. Defendant admits that the personnel policies of the City of Monroe are a matter of public record and that these written policies set forth the procedures for hiring, firing, promoting, and demoting City employees. Defendant admits further that the City's personnel policies are written documents the terms of which speak for themselves. To the extent that the allegations of this paragraph are inconsistent with these personnel policies, such allegations are denied. Except as admitted or denied, denied.

73. Admitted upon information and belief.

11

74. The transcript of the Phase I evidentiary hearing referenced in this paragraph is a written public record the content of which speaks for itself. To the extent that the allegations of this paragraph are inconsistent with the transcript, such allegations are denied.

75. Admitted.[9]

Plaintiff's next heading titled **"B. Phase II: Council's Vote"** does not contain allegations and thus a response is not required. To the extent that a response is deemed necessary, denied.

76. The transcript of the Phase II proceedings referenced in this paragraph is a written public record the content of which speaks for itself.[10] [11] To the extent that the allegations of this paragraph are inconsistent with the transcript, such allegations are denied.

77. The transcript of the Phase II proceedings referenced in this paragraph is a written public record the content of which speaks for itself. To the extent that the allegations of this paragraph are inconsistent with the transcript, such allegations are denied.

78. The transcript of the Phase II proceedings referenced in this paragraph is a written public record the content of which speaks for itself. To the extent that the allegations of this paragraph are inconsistent with the transcript, such allegations are denied.

79. The transcript of the Phase II proceedings referenced in this paragraph is a written public record the content of which speaks for itself. To the extent that the allegations of this paragraph are inconsistent with the transcript, such allegations are denied. Further, the last sentence of this paragraph sets forth legal conclusions of the pleader to which no response is required. To the extent that a response is deemed necessary, denied.

---

[9] The statement in footnote 8 of the Complaint is admitted.
[10] The statement in footnote 9 of the Complaint is admitted.
[11] The statement in footnote 10 of Plaintiff's Complaint is admitted.

12

80. The transcript of the Phase II proceedings referenced in this paragraph is a written public record the content of which speaks for itself. To the extent that the allegations of this paragraph are inconsistent with the transcript, such allegations are denied. Further, the last sentence of this paragraph sets forth legal conclusions of the pleader to which no response is required. To the extent that a response is deemed necessary, denied.

81. The transcript of the Phase II proceedings referenced in this paragraph is a written public record the content of which speaks for itself. To the extent that the allegations of this paragraph are inconsistent with the transcript, such allegations are denied. Further, the last sentence of this paragraph sets forth legal conclusions of the pleader to which no response is required. To the extent that a response is deemed necessary, denied.

82. The transcript of the Phase II proceedings referenced in this paragraph is a written public record the content of which speaks for itself. To the extent that the allegations of this paragraph are inconsistent with the transcript, such allegations are denied.

83. The transcript of the Phase II proceedings referenced in this paragraph is a written public record the content of which speaks for itself. To the extent that the allegations of this paragraph are inconsistent with the transcript, such allegations are denied.

84. The allegations of this paragraph sets forth legal conclusions of the pleader to which no response is required. To the extent that a response is deemed necessary, denied.

85. Denied.

86. Denied.

87. Denied.

Plaintiff's next heading titled **"VI. The City violated James's Equal Protection Rights"**

13

4933-5246-3721, v. 1

is denied.

88. Defendant incorporates by reference each of its responses to numbered paragraphs above and unnumbered section titles above.

89. Admitted.

90. Admitted upon information and belief.

91. Admitted upon information and belief.

92. Admitted upon information and belief.

93. The officer complaints referred to in this paragraph are written records the terms of which speak for themselves. To the extent that the allegations in this paragraph are inconsistent with the written complaints, these allegations are denied.

94. Denied for lack of information or belief.

95. The report referenced in this paragraph is a written public record, the terms of which speak for itself. To the extent that the allegations in this paragraph are inconsistent with the report referenced in this paragraph, such allegations are denied.

96. Admitted upon information and belief.

97. Admitted upon information and belief.

98. Admitted upon information and belief.

99. Admitted upon information and belief.

100.    Denied.

101.    The vote to initiate removal proceedings referenced in this paragraph is a written public record the content of which speaks for itself. To the extent that the allegations of this paragraph are inconsistent with these written public records, such allegations are denied.

14

102.     The removal proceedings referenced in this paragraph consist of written public records the content of which speaks for itself. To the extent that the allegations of this paragraph are inconsistent with these written public records, such allegations are denied.

103.     Denied.

104.     Denied.

105.     The allegations of this paragraph set forth the legal conclusions of the pleader to which no response is required. To the extent that a response is deemed necessary, denied. The allegations of the paragraph are further denied on the grounds that Plaintiff's Equal Protection claim has been dismissed with prejudice by the Court. [Doc. 14].

106.     Denied. The allegations of the paragraph are further denied on the grounds that Plaintiff's Equal Protection claim has been dismissed with prejudice by the Court. [Doc. 14].

107.     The allegations of this paragraph set forth the legal conclusions of the pleader to which no response is required. To the extent that a response is deemed necessary, denied. The allegations of the paragraph are further denied on the grounds that Plaintiff's Equal Protection claim has been dismissed with prejudice by the Court. [Doc. 14].

108.     The allegations of this paragraph set forth the legal conclusions of the pleader to which no response is required. To the extent that a response is deemed necessary, denied. The allegations of the paragraph are further denied on the grounds that Plaintiff's Equal Protection claim has been dismissed with prejudice by the Court. [Doc. 14].

## CLAIM I – 42 U.S.C. § 1983 (FREE SPEECH)

109.     Defendant incorporates by reference each of its responses to numbered paragraphs above and unnumbered section titles above.

15

110.      42 U.S.C. § 1983 is a federal statute the terms of which speak for itself. To the extent that the allegations of this paragraph are inconsistent with the written text of 42 U.S.C. § 1983, such allegations are denied.

111.      Denied.

112.      Denied.

113.      Denied.

## CLAIM II – 42 U.S.C. § 1983 (FREE SPEECH – OVERBREADTH)

114.      Defendant incorporates by reference each of its responses to numbered paragraphs above and unnumbered section titles above.

115.      N.C.G.S. § 160A-86 is a state statute the terms of which speak for itself. To the extent that the allegations of this paragraph are inconsistent with the written text of N.C.G.S. § 160A-86, such allegations are denied.

116.      N.C.G.S. § 160A-86(b) is a state statute the terms of which speak for itself. To the extent that the allegations of this paragraph, including subparagraphs a. through e., are inconsistent with the written text of N.C.G.S. § 160A-86, such allegations are denied.

117.      The City's Code of Ethics is a written document the terms of which speak for itself including the Code's date of adoption. To the extent that the allegations of this paragraph are inconsistent with the Code of Ethics, such allegations are denied.

118.       The City's Code of Ethics is a written document the terms of which speak for itself. To the extent that the allegations of this paragraph are inconsistent with the Code of Ethics, such allegations are denied. The allegations of this paragraph, including subparagraphs a. through h., are further denied insofar as the Court previously dismissed Plaintiff's Free Speech

16

– Overbreadth claim with prejudice. [Doc. 14].

119.     The Code of Ethics is a written public document the content of which speaks for itself. To the extent that any allegation in this paragraph is inconsistent with the Code, such allegation is denied. The allegations of this paragraph are further denied insofar as the Court previously dismissed Plaintiff's Free Speech – Overbreadth claim with prejudice. [Doc. 14].

120.     The Code of Ethics is a written document the content of which speaks for itself. To the extent that any allegations in this paragraph are inconsistent with the Code, such allegations are denied. The allegations of this paragraph are further denied insofar as the Court previously dismissed Plaintiff's Free Speech – Overbreadth claim with prejudice. [Doc. 14].

121.     The allegations in this paragraph state the legal conclusions of the pleader to which no response is required. To the extent a response is required, denied. The allegations of this paragraph are further denied insofar as the Court previously dismissed Plaintiff's Free Speech – Overbreadth claim with prejudice. [Doc. 14].

122.     The allegations of this paragraph state the legal conclusions of the pleader to which no response is required. To the extent that a response is required, denied. The allegations of this paragraph are further denied insofar as the Court previously dismissed Plaintiff's Free Speech – Overbreadth claim with prejudice. [Doc. 14].

123.     The allegations of this paragraph state the legal conclusions of the pleader to which no response is required. To the extent a response is deemed necessary, denied. The allegations of this paragraph are further denied insofar as the Court previously dismissed Plaintiff's Free Speech – Overbreadth claim with prejudice. [Doc. 14].

124.     Denied. The allegations of this paragraph are further denied insofar as the Court

17

previously dismissed Plaintiff's Free Speech – Overbreadth claim with prejudice. [Doc. 14].

125.     Denied. The allegations of this paragraph are further denied insofar as the Court previously dismissed Plaintiff's Free Speech – Overbreadth claim with prejudice. [Doc. 14].

126.     Denied. The allegations of this paragraph are further denied insofar as the Court previously dismissed Plaintiff's Free Speech – Overbreadth claim with prejudice. [Doc. 14].

## CLAIM III – 42 U.S.C. § 1983 (DUE PROCESS – VAGUENESS)

127.     Defendant incorporates by reference each of its responses to numbered paragraphs above and unnumbered section titles above.

128.     The allegations of this paragraph set forth legal conclusions of the pleader to which no response is required. To the extent that a response is deemed necessary, denied. The allegations of this paragraph are further denied insofar as the Court previously dismissed Plaintiff's Due Process – Vagueness claim with prejudice. [Doc. 14].

129.     The Amotion Petition referenced in this paragraph is a written public record the content of which speaks for itself. To the extent that the allegations in this paragraph are inconsistent with the Amotion Petition, such allegations are denied. The allegations of this paragraph are denied insofar as the Court previously dismissed Plaintiff's Due Process – Vagueness claim with prejudice. [Doc. 14].

130.     Denied. The allegations of this paragraph are further denied insofar as the Court previously dismissed Plaintiff's Due Process – Vagueness claim with prejudice. [Doc. 14].

131.     Denied. The allegations of this paragraph are further denied insofar as the Court previously dismissed Plaintiff's Due Process – Vagueness claim with prejudice. [Doc. 14].

132.     Denied. The allegations of this paragraph are further denied insofar as the Court

18

previously dismissed Plaintiff's Due Process – Vagueness claim with prejudice. [Doc. 14].

133.       Denied. The allegations of this paragraph are further denied insofar as the Court previously dismissed Plaintiff's Due Process – Vagueness claim with prejudice. [Doc. 14].

## CLAIM IV – 42 U.S.C. § 1983 (EQUAL PROTECTION)

134.       Defendant incorporates by reference each of its responses to numbered paragraphs above and unnumbered section titles above.

135.       Denied. The allegations of this paragraph are further denied insofar as the Court previously dismissed Plaintiff's 42 U.S.C. § 1983 Equal Protection claim with prejudice. [Doc. 14].

136.       Denied. The allegations of this paragraph are further denied insofar as the Court previously dismissed Plaintiff's 42 U.S.C. § 1983  Equal Protection claim with prejudice. [Doc. 14].

137.       Denied. The allegations of this paragraph are further denied insofar as the Court previously dismissed Plaintiff's 42 U.S.C. § 1983 Equal Protection claim with prejudice. [Doc. 14].

EACH AND EVERY OTHER ALLEGATION CONTAINED IN THE COMPLAINT WHICH HAS NOT BEEN SPECIFICALLY ADMITTED OR OTHERWISE RESPONDED TO HEREIN, INCLUDING PLAINTIFF'S PRAYER FOR RELIEF, IS HEREBY DENIED.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant should be barred or reduced to the extent Plaintiff failed to mitigate her damages.

19

### FIFTH AFFIRMATIVE DEFENSE

Defendant did not breach any duty owed to Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Defendant's conduct was not the proximate cause of any alleged injuries or damages suffered by Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead punitive damages with the specificity and particularity required by Rule 9(k) of the North Carolina Rules of Civil Procedure and Plaintiff is not otherwise entitled to punitive damages against Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's purported claim for punitive damages, Defendant avers that punitive damages are unconstitutional on the grounds that an award of punitive damages would contravene provisions of the United States Constitution and the North Carolina Constitution. Further, Defendant is informed and believes that there are no facts supporting Plaintiff's purported claims for punitive damages, such that Defendant is entitled to an award of reasonable attorney's fees for the defense of the punitive damages claim as provided by N.C.G.S. § 1D-45.

### NINTH AFFIRMATIVE DEFENSE

Defendant at all times acted in good faith and fully in compliance with Plaintiff's constitutional rights.

20

4933-5246-3721, v. 1

## TENTH AFFIRMATIVE DEFENSE

Defendant specifically reserves the right to amend this Answer and to assert additional affirmative defenses as the claims of the Plaintiff are more fully disclosed during the course of this litigation.

WHEREFORE, having answered the Complaint, Defendant prays as follow:

1. That Plaintiff have and recover nothing of Defendant;

2. That this action be dismissed with prejudice;

3. That Defendant have and recover its costs in this action, including reasonable attorney's fees;

4. FOR A TRIAL BY JURY ON ALL ISSUES OF FACT SO TRIABLE HEREIN.

5. For such other and further legal and equitable relief that the Court deems just and proper.

RESPECTFULLY SUBMITTED this the 16th day of September, 2025.

**CRANFILL SUMNER LLP**

BY: */s/Stephanie H. Webster*
Stephanie H. Webster, NC Bar No. 12164
Patrick H. Flanagan, NC Bar No. 17407
*Attorneys for Defendant City of Monroe*
Post Office Box 30787
Charlotte, North Carolina 28230
Telephone: (704) 332-8300
Facsimile: (704) 332-9994
swebster@cshlaw.com
phf@cshlaw.com

21

## CERTIFICATE OF SERVICE

I hereby certify that on September 16th, 2025, I electronically filed the foregoing ***Defendant City of Monroe's Answer to Plaintiff's Complaint*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Bo Caudill
Sophia M. M. Pappalardo
**Villmer Caudill**
bocaudill@villmercaudill.com
sophiapappalardo@villmercaudill.com
*Attorneys for Plaintiff*

                           CRANFILL SUMNER LLP


BY:    /s/*Stephanie H. Webster*
           Stephanie H. Webster, NC Bar #12164
           Attorney for Defendant
           P.O. Box 30787
           Charlotte, NC 28230
           Telephone (704) 332-8300
           Facsimile (704) 332-9994
           swebster@cshlaw.com

22

4933-5246-3721, v. 1